UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>DABB LIQUOR INCORPORATED dba P J MARKET; PARAMJIT SINGH,<br><br>    Defendants. | No.  1:22-cv-00485 DJC AC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff has filed a motion for default judgment.  ECF No. 26.  This motion is before the undersigned pursuant to E.D. Cal. R. 302(c)(19).  The motion was set to be heard on the papers.  ECF No. 29.  Defendants did not file an opposition or take any action in this case.  For the reasons stated below, the court recommends that plaintiff's motion be granted.

## I.    Relevant Background

As stated in his complaint (ECF No. 1), plaintiff is a person with physical disabilities, including limited ability to walk; he requires the use of a wheelchair, knee scooter, or prosthetic.  ECF No. 1 at 2.  Defendants are alleged to be real property owners, operators, and/or lessors of the building/parcel located at 501 E Morris Ave, Modesto, California 95354, which contains a business called "P J Market" ("the Property").  Id. at 1.  Plaintiff asserts that the Property is a facility open to the public, a place of public accommodation for nonresidential use, and a business

establishment.  Id.  There is a parking lot on the Property.  Id. at 3.

Plaintiff is a California resident who lives within five miles of the Property and visited the Property on or about November 4, 2021, to purchase refreshments.  Id. at 2.  During the visit plaintiff alleges he encountered many accessibility problems.  Id. at 3.  In particular, plaintiff could not locate any designated accessible parking in the parking lot.  Id.  He had to park in a standard parking stall which lacked an access aisle, and had an uneven surface that made it difficult for him to exit his vehicle using his prosthetic leg.  Id.  Second, surface of the path of travel towards the Property entrance was uneven, with tripping hazards that made it difficult for Plaintiff to traverse using his prosthetic leg.  Id.  Third, it was difficult for plaintiff to open the entrance door because the exterior landing at the door was sloped and uneven, which made him lose his balance.  Plaintiff was, and continues to be, deterred from visiting the Property because of his awareness that the goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to him due to his physical disabilities.  Id.  Plaintiff enjoys the goods and services offered at the Property, and will return to the Property once the barriers are removed.  Id. at 4.

On April 24, 2022, plaintiff filed this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Unruh Civil Rights Act, Cal. Civ. Code § 51-53, and violations of California Health and Safety Code § 19955(a).  ECF No. 1.  The summons and complaint were served on defendants.  ECF Nos. 7, 8.  The clerk entered default as to all defendants.  ECF Nos. 10, 11.  Following an order to show cause, District Judge Jennifer L. Thurston signed findings and recommendations declining supplemental jurisdiction over the state law claims.  ECF No. 18.  On November 13, 2023, plaintiff moved for default judgment on the remaining federal claim.  ECF No. 26.  The motion for default judgment was served on all defendants.  ECF No. 38.  Defendants did not appear to oppose the motion, and have not otherwise appeared or taken any action in this case.

## II.     Motion

Plaintiff moves for default judgment finding defendants in violation of the ADA, and asks the court to enter an injunction requiring the removal of the architectural barriers to his access as

set forth above and in the proposed order submitted with the motion, and award him attorneys' fees and costs in the amount of $3,651.65.

### III. Analysis

#### A. Legal Standard

Pursuant to Fed. R. Civ. P. 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A]

defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

### B. The Eitel Factors

#### a. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would suffer prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

#### b. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

Plaintiff asserts violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). "Title III of the ADA prohibits discrimination in public accommodations...." Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1263 (9th Cir. 2015). The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability. 42 U.S.C. § 12182(a); Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010). Discrimination, in this context, includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

////

Plaintiff has adequately alleged that he is disabled within the meaning of the ADA and that defendants are operating a place of public accommodation. ECF No. 1 at 2. Plaintiff alleges the Property was constructed after January 26, 1993 – independently triggering access requirements under Title III of the ADA. Id. at 5. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1). Id. Plaintiff alleges that the Property was not made accessible, despite the fact that it was structurally practicable to make it accessible, because the aisles were arranged in an inaccessible manner, there was a high threshold at the entry of the store, the restroom lacked sufficient clearances, and the parking was not van accessible. Id. at 3. The merits of plaintiff's case thus favor entry of default judgment.

        c.   Factor Four: The Sum of Money at Stake in the Action

Under this Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176–77. Plaintiff seeks only attorneys' fees and costs, along with injunctive relief. The complaint offers no information about the defendants' financial condition, so the court cannot tell if this is a significant amount of money to defendants. However, there is no evidence that defendants took any action after being served with the summons and complaint in order to avoid a judgment of this size. This factor accordingly weighs in favor of a default judgment.

        d.   Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact

////

exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.

### e. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Plaintiff served the defendants with the summons and complaint. ECF Nos. 7, 8. Moreover, plaintiff served defendants by mail with notice of its application for default judgment. ECF No. 28. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants failed to defend themselves in this action. Thus, the record supports a conclusion that the defendants have chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### f. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits-and consistent with existing policy would prefer that this case be resolved on the merits-that policy does not, by itself, preclude the entry of default judgment.

Upon consideration of the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendants and makes a recommendation to that effect. What remains is the determination of the amount of damages to which plaintiff is entitled.

### C. Terms of Judgment

Plaintiff requests injunctive relief and attorney's fees under Title III of the ADA.

#### 1. Attorney's Fees

Attorney's fee awards are calculated using the "lodestar" method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curium). The hourly rate is generally

calculated "according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). It is also the general rule that the court will use the rates of attorneys practicing in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992). Plaintiff requests attorney fees at an hourly rate of $300 for 6.3 hours of work, plus paralegal fees at an hourly rate of $115 for 8.3 hours of work, totaling $ 3,651.65. ECF No. 26-1 at 8. Plaintiff cites prior case law from this district using these rates specifically for herself and for her experienced paralegals. Id. Based on this case law, the affidavits presented and the detailed billing statement (ECF No. 26-3), the undersigned also finds these rates and hours to be reasonable.

Plaintiff also seeks $807.15 in costs and litigation expenses. ECF No. 26-1 at 8. Section 12205 of the ADA provides that a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. See Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002). The costs here include expenses for the court filing fee, costs of service, and pre-filing investigation, which are compensable pursuant to 42 U.S.C. § 12205 and Lovell, 303 F.3d at 1058. ECF No. 26-1 at 8. Plaintiff's request for costs in the amount of $807.15 for litigation costs and expenses is appropriate. Accordingly, the undersigned will recommend that plaintiff be awarded a total of $4,458.80 for attorneys' fees and costs.

### 2. *Injunctive Relief*

Plaintiff's complaint seeks an injunction requiring defendants to make changes and accommodations at the subject facility in a manner that achieves compliance with federal and state regulations. ECF No. 26-1 at 6. As the factual allegations in the complaint are taken as true, plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

////

////

**IV.   Conclusion**

For the reasons explained above, it is hereby RECOMMENDED THAT:

1. Plaintiff's November 13, 2023, motion for default judgment (ECF No. 26) be GRANTED;

2. The court enter judgment against the defendants on the complaint's claims in the amount of $4,458.80 in attorney's fees and costs;

3. Defendants make the following modifications to the property known as known as P J Market, located at 1700 501 E. Morris Avenue in Modesto, California ("the Facility"), such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act, as follows:

   a) Provide a properly configured and identified accessible parking stall and adjacent access aisle that is van accessible;

   b) Provide a properly configured accessible route of travel from the designated accessible parking stall to the facility entrance;

   c) Provide and maintain a properly configured facility entrance with accessible exterior landing that is not uneven and excessively sloped.

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

////

////

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 8, 2024

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE